## HASSINGER v. DIVER.

### May 2, 1840.

*Exceptions to prothonotary's taxation of costs.*

1. Referees and arbitrators are entitled to pay for the whole number of days in which they were necessarily occupied in the hearing and determination of the cause, which includes the time occupied in deliberation after the parties and the proofs have been heard.

2. The party who alleges that the referees were not so occupied for the time for which they claim pay, must show it affirmatively to the satisfaction of the court, or it will be presumed that they have done their duty and are entitled to their pay.

THIS cause had been referred to three persons, and on the taxation of the bill of costs, the prothonotary allowed the referees pay for twenty-three days. The defendant appealed from the taxation and filed exceptions thereto. It appeared that there were but five meetings at which any evidence was heard or the parties were present. The other meetings were occupied by private deliberations among the referees. One of the referees on examination stated that the time was wasted. One of the other referees, also examined, thought otherwise.

*Randall* and *T. I. Wharton*, for the exceptions.
*Perkins*, contra, referred to Baker *v.* Hunter, 1 *Miles* 357.

PER CURIAM.—By the 49th section of the act of 16th June, 1836, relating to reference and arbitration (*Stroud's Purd. tit. Arbitration*), every referee or arbitrator is entitled to receive the sum of one dollar for every day *necessarily* employed by him in the *hearing* and *determination* of the cause submitted to him. Although the number of days occupied in making up a determination in this case, bears a great disproportion to the number occupied in hearing the parties and their proofs, yet that circumstance, of itself, does not prove that the referees were not necessarily occupied the whole number of days. And the mere *opinion* of one referee that the time was wasted, does not establish the fact, especially if contradicted by the opinion of the other referees. It is difficult to lay down any other general rule than this,

[Hassinger v. Diver.]

that the party who alleges that the referees are not entitled to pay, must prove to the satisfaction of the court, affirmatively, that they were not *necessarily* occupied in the hearing and determination of the cause, the number of days for which they claim, or it will be presumed they have done their duty. Every case must of course be governed by its own circumstances, but we are not sufficiently advised that in this case the defendant has just ground of complaint.

Exceptions dismissed.